UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 08-65-JBC

JOYCE ELAINE MIRACLE,                                                                   PLAINTIFF,

V.                       MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                 DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  R. 9, 12. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I.      Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir.

1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II.     The ALJ's Determination**

At the time of the alleged disability onset date, the plaintiff was a forty-nine-year-old female with a marginal education. AR 21. She alleges disability beginning on August 9, 2004, due to a variety of mental and physical impairments. AR 13. The plaintiff filed her claims for DIB and SSI on April 28, 2005, which were denied

2

initially and on reconsideration. AR 13. After a hearing held on December 19, 2006, Administrative Law Judge ("ALJ") Frank Letchworth determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 13, 22.

At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. AR 15. At Step 2, the ALJ found that the plaintiff had severe impairments of obesity, coronary artery disease, chronic obstructive pulmonary disease, and depression. AR 15. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. AR 18.

In assessing the plaintiff's claims at Steps 4 and 5, the ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform light work with several restrictions.[1] AR 18. At Step 4, the ALJ found that the plaintiff was unable to perform any past relevant work as a cook, kitchen helper, and loom changer. AR 21. Finally, at Step 5 the ALJ, taking into consideration the plaintiff's age, education, work experience, and RFC, determined that jobs exist in a significant number in the national economy that the plaintiff can perform. AR 21.

---

[1] The ALJ determined that the plaintiff can "perform light work not requiring more than occasional climbing, stooping, bending, or crouching. The claimant can perform no crawling. The claimant is precluded from work exposing her to pulmonary irritants, extremes in temperature or excessive humidity. The claimant is restricted to no more than occasional interaction with other individuals and can perform no more than simple instructions in jobs where reading is not essential." AR 18.

The ALJ then denied the plaintiff's claims for DIB and SSI, and she appealed to the Appeals Council. AR 22, 8. Following the denial of her appeal on December 28, 2007, the plaintiff commenced this action. AR 5, R. 1.

### III.    Legal Analysis

The plaintiff disagrees with the ALJ's use of Rule 202.10 and Rule 202.17 of the Medical-Vocational Guidelines ("grids") to support his finding that she is not disabled. The plaintiff claims that the ALJ was required to use Rule 202.09 to evaluate her claims because he referenced illiteracy during the hearing and found that the plaintiff is limited to jobs where reading is not essential. R. 9-2. In the alternative, the plaintiff requests that the court remand this matter pursuant to Sentence Six of 42 U.S.C. § 405(g) so that the ALJ may consider additional evidence that was not available at the time of the hearing. R. 9-2. The court will consider these arguments in turn.

####    A.    ALJ's Finding Supported by Substantial Evidence

The plaintiff argues that the ALJ erred by utilizing Rule 202.10 and Rule 202.17 to evaluate her claims instead of Rule 202.09. In order for Rule 202.09 to apply, the plaintiff must be "[i]lliterate or unable to communicate in English." Rule 202.10 and Rule 202.17 apply to individuals whose education levels are "[l]imited or less – at least literate and able to communicate in English." The plaintiff contends that the ALJ should have found her to be illiterate because he referenced illiteracy during the hearing. AR 771-772. While questioning the vocational expert,

the ALJ proposed a hypothetical which included a claimant with several restrictions, including "[n]o job in which reading would be an essential job element." AR 771-772. The ALJ then created another hypothetical concerning a plaintiff with "marginal literacy and work experience." AR 772. These statements do not suggest that the ALJ found the plaintiff to be illiterate.

Additionally, the ALJ's finding that the plaintiff "can perform no more than simple instructions in jobs where reading is not essential" does not imply that he found her to be illiterate. AR 18. "Illiteracy" is "the inability to read or write." 20 C.F.R. § 416.964(b)(1). Persons who "cannot read or write a simple message such as instructions or inventory lists" may be considered illiterate. *Id.* In her Disability Report, the plaintiff indicated that she can read and understand English and write more than her name in English. AR 72. During the hearing, the plaintiff acknowledged that she had a problem reading when she was in school. AR 737. However, the plaintiff admitted that she might be able to read some words in newspapers or comics out of the newspaper. AR 738. The plaintiff testified that she completed the sixth grade. AR 737. A person with a sixth-grade level of education or less generally is considered to have a "marginal education," which means that the individual has "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 416.964(b)(2).

The court must affirm the ALJ's decision "even if there is substantial

5

evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Social Security*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 373 (6th Cir. 1997). While the evidence shows that the plaintiff has difficulty reading, substantial evidence supports the ALJ's decision to use Rule 202.10 and Rule 202.17, which implies a finding that the plaintiff is "at least literate and able to communicate in English." Therefore, the court finds that substantial evidence exists to support the ALJ's determination that the plaintiff is not disabled.

### B. Additional Evidence Insufficient for Sentence-Six Remand

The plaintiff requests that this matter be remanded so that additional evidence that was not available when the ALJ made his decision can be considered. A remand for this purpose is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The plaintiff must show "good cause by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Hollon ex rel. Hollon v. Comm'r of Social Security*, 447 F.3d 477, 485 (6th Cir. 2006).

The plaintiff seeks to introduce a report, R. 9-3, prepared by Reba Moore, Psy.S., a licensed psychological practitioner. According to the report, Moore

evaluated the plaintiff on March 10, 2008, and diagnosed her with mild mental retardation. R. 9-3. The plaintiff contends that good cause exists for remand because "[t]esting for illiteracy appeared to be unwarranted before the issuance of the ALJ's decision, because the ALJ considered only light work during the hearing and asked the VE to assume that the claimant could not perform jobs which required her to read." R. 9-2. Moore's evaluation of the plaintiff, however, occurred one year after the issuance of the ALJ's decision. AR 22. Furthermore, the plaintiff waited over two months after the Appeals Council denied her request for review to obtain additional evidence concerning her alleged illiteracy. AR 5. The plaintiff has failed to "demonstrat[e] a reasonable justification for [her] failure to acquire and present" Moore's report prior to the issuance of the ALJ's decision. Moreover, the plaintiff's substantial delay in seeking a psychological evaluation weighs against a finding of good cause.

The plaintiff also claims that this matter should be remanded because Moore's report indicates that the plaintiff meets the requirements of Listing 12.05C, which mandates a finding of disability. The plaintiff argues that remand is appropriate because her illiteracy and low IQ relate back to the period of alleged disability considered by the ALJ and this new evidence creates "a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim." *Sizemore v. Sec'y of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). The court disagrees. The plaintiff "had ample opportunity to obtain

probative evidence of a purported mental impairment prior to the ALJ hearing, but did not do so." *Winters v. Comm'r of Social Security*, No. 98-1991, 2000 WL 712353, at *2 (6th Cir. May 22, 2000). The plaintiff "bears the burden of pursuing her disability claims," and her failure to discover an additional impairment is not good cause for remand. *Id.* at *2 (citing *Cline v. Comm'r of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996). Thus, the additional evidence presented by the plaintiff does not warrant a remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (R. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (R. 12) is **GRANTED**.

Signed on March 20, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY